**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GLENN WALLS,

Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

Agency.

DOCKET NUMBER
DE-0752-13-0278-I-1

DATE: September 7, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joyce E. Kitchens, Esquire, Atlanta, Georgia, for the appellant.

Melissa Lynn Binte Lolotai, Esquire, Denver, Colorado, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The agency has filed a petition for review, and the appellant has filed a cross petition for review of the initial decision, which reversed the agency's action removing the appellant for performance-based reasons.  For the reasons discussed below, we DENY the petition for review, GRANT the cross petition for

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

review, and AFFIRM the initial decision AS MODIFIED to find that this appeal is not moot, although for another reason than that found by the administrative judge. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2 Effective May 4, 2013, the agency removed the appellant from his GS-8 Contact Representative position based on "Unsuccessful Performance" under 5 U.S.C. chapter 75.[2] Initial Appeal File (IAF), Tab 15 at 15-17, 26-27. Specifically, the agency found that the appellant failed to demonstrate acceptable performance in his position's critical element standard titled "Productivity - Telephone Average Handle Time (AHT)/Written Inquiries/Correspondence" because his AHT over a 90-day period was too great. *Id.* On appeal, the appellant challenged the action and alleged that it was based on religious discrimination and was in retaliation for his prior equal employment opportunity (EEO) activity. IAF, Tabs 1, 8. He requested a hearing. IAF, Tab 1.

¶3 During the hearing, the administrative judge advised the parties of a potential due process issue in the appeal based on the deciding official's testimony as to what information she considered in reaching her decision, and the administrative judge indicated that the parties could address the issue in their closing statements. IAF, Tab 57. However, the administrative judge delayed the submission of such statements while the parties engaged in settlement discussions. During a status conference, the agency indicated that it intended to unilaterally rescind the appellant's removal. The administrative judge advised the parties of the implications of the doctrine of mootness to the appeal and explained that she still would be required to adjudicate the appellant's allegations of discrimination and retaliation for protected EEO activity, even if the agency rescinded the action and restored the appellant to duty. IAF, Tab 64.

---

[2] The agency initially argued that it took the action under chapter 43, Initial Appeal File (IAF), Tab 15, but the administrative judge ruled that it was taken under chapter 75, IAF, Tab 52. The agency has not challenged that ruling on petition for review.

¶4       The agency filed a motion to "dismiss charge 1 as moot."[3]  IAF, Tab 69. The agency argued that it had cancelled the removal action and restored the appellant to the status quo ante and thereby afforded him all the relief to which he would be entitled if he had prevailed before the Board.  *Id.*   The appellant opposed the agency's motion, maintaining that he had not been restored to the status quo ante, IAF, Tab 70, and the agency replied in support of its motion, IAF, Tab 71.  The administrative judge denied the agency's motion, IAF, Tab 72, and the agency moved for reconsideration of the administrative judge's ruling, or, in the alternative, certification of an interlocutory appeal, IAF, Tab 73, both of which motions the administrative judge denied, IAF, Tab 74.

¶5       In her initial decision, the administrative judge first found that the agency had not demonstrated that the appeal was moot because, "for example," the agency did not prove that the appellant's thrift savings plan (TSP) contributions were made for the period during which he had been removed.  The administrative judge found, however, that, even if the agency had properly provided the appellant with all relief to which he might be entitled, if the agency did not meet its burden regarding the removal, his discrimination and retaliation claims remained to be adjudicated.  IAF, Tab 77, Initial Decision (ID) at 5.  On the merits, the administrative judge then found that the action must be reversed because the agency violated the appellant's due process rights.   ID at 6-11. Finally, the administrative judge addressed the appellant's affirmative defenses, finding that he failed to show that either religious discrimination or retaliation for protected EEO activity was a motivating factor in the agency's decision to remove him.  ID at 11-14.  Therefore, the administrative judge reversed the

---

[3] The administrative judge found that the agency was in effect requesting to have the first issue she had accepted for adjudication, that is, whether the agency proved the charge, nexus, and the reasonableness of the penalty, dismissed as moot.  IAF, Tab 77, Initial Decision at 4 n.2.

removal action, but found that the appellant did not establish his affirmative defenses.[4] ID at 14.

¶6      The agency has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the appellant has responded in opposition, PFR File, Tab 4. The appellant also has filed a cross petition for review, PFR File, Tab 5, to which the agency has responded in opposition,[5] PFR File, Tab 7.

The appeal is not moot for any reason having to do with the TSP.

¶7      On review, the agency challenges the administrative judge's finding that the appeal is not moot because, "for example," the agency did not provide proof that the appellant's TSP contributions were made for the period for which he was removed. ID at 5. The agency points out that the appellant, who has been represented by counsel throughout these proceedings, was silent regarding TSP contributions in his responses to the agency's motions to dismiss. PFR File, Tab 1 at 8. And, the agency asserts, the appellant did not contribute to the TSP and was not entitled to the agency's automatic 1% contribution to his TSP account because he is not an employee covered by the Federal Employees' Retirement System (FERS). *Id.* at 7-9. The appellant acknowledges that he

---

[4] The administrative judge did not order interim relief based on her finding that the agency already had reinstated the appellant to his position, effective May 4, 2013. ID at 15.

[5] The appellant sought to reply to the agency's response to his cross petition for review, but the Clerk's Office rejected it, noting that the Board's regulations do not provide for such a pleading. 5 C.F.R. § 1201.114(a); PFR File, Tab 8. The appellant then sought leave to file an additional pleading, but the Clerk's Office again rejected it, because the appellant filed both his motion and the additional pleading he sought to submit, repeating that the Board's regulations do not provide for pleadings at the review level other than a petition for review, a cross petition for review, a response to a petition for review or cross petition for review, and a reply to a response to a petition for review. PFR File, Tab 9. The appellant then filed a motion for reconsideration of the rejection of his reply to the agency's response to his cross petition for review. PFR File, Tab 10. Based on our own precedent, *Thome v. Department of Homeland Security*, 122 M.S.P.R. 315, ¶ 16 (2015), which we decline to overrule, we deny the appellant's request that we reconsider the Board's earlier ruling.

was not contributing to the TSP at the time of his removal, PFR File, Tab 4 at 10, and documents submitted by the agency in the record below confirm that he is enrolled in the Civil Service Offset Retirement System, not in the FERS.[6]  IAF, Tab 51 at 5; 5 C.F.R. § 1600.19(a) (an agency's 1% contribution applies to an individual covered by FERS).  For these reasons, to the extent the administrative judge found that the appeal was not rendered moot because of the agency's obligation regarding the appellant's TSP account, we reject that finding. Nonetheless, we find that the appeal is not moot for another reason.

The appeal is not moot because the agency otherwise failed to restore the appellant to the status quo ante.

¶8        After the agency filed its motion to dismiss the appeal as moot and provided evidence in support, IAF, Tab 69, the appellant challenged the motion, arguing that he had not been restored to the status quo ante for several reasons, IAF, Tab 70.  One such reason was that the Standard Form 50 (SF-50) allegedly rescinding the removal referred to his Board appeal, stating "REASON ACTION CANCELLED IN ACCORDANCE WITH MSPB APPEAL."  *Id.* at 5, 14.  The appellant reasoned that the reference to a Board appeal is a reference to the adverse personnel action taken against him by the agency.  *Id.* at 5.  In response, the agency argued that the appellant's electronic Official Personnel Folder (eOPF) contains no reference to either a removal action or a Board appeal, offering in support a memorandum from the Chief, Customer Service Center, informing the appellant that "there is no reference to any termination actions in your personnel records" and that "this is also true of your eOPF."  IAF, Tab 71 at 5, 12.  In a subsequent pleading filed after the administrative judge denied its motion to dismiss, IAF, Tab 72, the agency again argued that it had removed from all agency records all documents related to the removal action and subsequent

---

[6] In making these findings, we have not considered the evidence the agency has submitted with its petition for review in support of its position on this matter.  PFR File, Tab 1 at 14-15.

Board appeal, but offering in support the same SF-50 showing cancellation of the action in accordance with the MSPB appeal and the same memorandum from the Chief, Customer Service Center, IAF, Tab 73 at 5-6, 17-18.

¶9        In his cross petition for review, the appellant continues to argue that the language on the SF-50 renders incomplete the agency's claimed rescission of the removal action.  PFR File, Tab 5 at 10.  In its response, the agency insists that the offending SF-50 was removed from all records prior to issuance of the initial decision.   PFR File, Tab 7 at 4-5.   According to the agency, evidence so demonstrating is reflected by the memorandum from the Chief, Customer Service Center, IAF, Tab 71 at 12, and by a declaration of an agency human resources representative confirming the removal of the fiscal year 2013 unsatisfactory performance rating from the appellant's eOPF, IAF, Tab 73 at 19.

¶10        The agency's unilateral modification of its personnel action after an appeal has been filed cannot divest the Board of jurisdiction, unless the appellant consents to such divestiture or the agency completely rescinds the action being appealed.  For an appeal to be deemed moot, the agency's rescission must be complete, i.e., the appellant must be returned to the status quo ante and not left in a worse position as a result of the cancellation than he would have been in if the matter had been adjudicated and he had prevailed.  *Harris v. Department of Transportation*, 96 M.S.P.R. 487, ¶ 8 (2004).

¶11        Here, the only SF-50 the agency has submitted refers to the appellant's Board appeal.  Furthermore, neither the Chief's memorandum nor the agency representative's declaration specifically addresses the issue of the language in the SF-50 referencing the appellant's Board appeal.  IAF, Tab 71 at 12; Tab 73 at 19.  Although, as noted, the agency asserts that it removed the SF-50 from the appellant's record prior to issuance of the initial decision, PFR File, Tab 7 at 4-5, the statements of a party's representative in a pleading do not constitute evidence, *Felton v. Department of the Air Force*, 106 M.S.P.R. 198, ¶ 7 (2007).  Under the circumstances, we find that the SF-50 in question renders the agency's purported

rescission of the action incomplete and precludes a finding that the appeal is moot.[7]  *Veal v. Department of the Army*, 52 M.S.P.R. 66, 68 (1991); *Guy v. Department of Energy*, 37 M.S.P.R. 230, 232 (1988).

<u>The action must be reversed based on the denial of due process.</u>

¶12    As the administrative judge correctly found, a deciding official is not allowed to consider—either in connection with the charge itself or the penalty—new and material information that she obtained ex parte.  ID at 6; *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1280 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1377 (Fed. Cir. 1999).  Information is considered having been obtained ex parte if the appellant was not informed that it would be taken into account.  *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 10 (2011).  In determining whether a deciding official's consideration of information obtained ex parte violated due process, the question is whether the information is "so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances."  *Stone*, 179 F.3d at 1377.  Relevant factors include:  (1) whether the ex parte communication merely introduces cumulative information or new information; (2) whether the employee knew of the information and had a chance to respond to it; and (3) whether the ex parte communications were of the type likely to result in undue pressure upon the deciding official to rule in a particular manner.  *Id.*

¶13    Here, the deciding official testified that, during her deliberations, she listened to five of the appellant's recorded calls and, based upon them, determined that she had concerns with their content.  The administrative judge found that was a different matter from how long on average it took the appellant to complete the calls, as required by the cited critical element and standard.  ID

---

[7] Because we have found that, on this basis, the appeal is not moot, we have not addressed the other reasons the appellant proffers in support of his claim that the appeal is not moot.

at 6-8.  The administrative judge thereby concluded that the deciding official, in making her decision to remove the appellant, considered new information that she obtained ex parte.  The administrative judge further found that the appellant was not informed and did not otherwise know of the information and did not have an opportunity to reply to it.  ID at 8-9.  The administrative judge also found that the ex parte information was of the type likely to result in undue pressure on the deciding official to rule in a particular manner.  ID at 9-10.  In addition, the administrative judge found that the ex parte communications also affected the deciding official's penalty analysis, and that the record was devoid either of evidence that the appellant was advised of the deciding official's reliance upon the new and material evidence when deciding on the proposed removal and penalty, or of any evidence that the appellant was provided an opportunity to respond to the new information.  ID at 10-11.

¶14    The agency has not challenged these findings on review, PFR File, Tab 1, and we discern no basis upon which the disturb them.  *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings where she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).  Therefore, we agree with the administrative judge that the agency's action must be reversed.  *Ward*, 634 F.3d at 1280; *Stone*, 179 F.3d at 1377.

The appellant did not establish either of his affirmative defenses.

¶15    In addressing the appellant's claim of religious discrimination, the administrative judge found that some management officials, including the proposing official (but not the deciding official), were aware of the appellant's religious faith, but that the appellant had not otherwise submitted any evidence that could lead to the inference that the agency's decision to remove him was motivated by a discriminatory intent.  Regarding the appellant's claim of retaliation, the administrative judge found that he had engaged in protected EEO activity but that the deciding official testified credibly that she was unaware of

such activity, ID at 12, and that there was no evidence that her actions were motivated by retaliation, ID at 12-13. The administrative judge further found it undisputed that other employees who failed to meet the critical element at issue here faced a proposed removal for failure to perform. Finally, the administrative judge found that the record was devoid of evidence that the agency's explanation for removing the appellant—his failure to meet the performance standard for the critical element at issue—was inconsistent or pretextual. ID at 14. The administrative judge found therefore that the appellant failed to prove his retaliation claim by preponderant evidence. ID at 15.

¶16    The appellant has not challenged these findings on review, PFR File, Tab 5, and we discern no basis upon which to disturb them. *Crosby*, 74 M.S.P.R. at 105-06; *see Haebe v. Department of Health & Human Services*, 288 F.3d 1288, 1302 (Fed. Cir. 2002) (holding that the Board may overturn credibility determinations only when it has "sufficiently sound" reasons for doing so); *see also Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 41 (2015) (finding that, with status-based discrimination as well as retaliation cases, a violation of 42 U.S.C. § 2000e-16 is established if a prohibited consideration was a motivating factor).

## ORDER

¶17    We ORDER the agency to cancel the removal and retroactively restore the appellant effective May 4, 2013. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶18    We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to

provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶19 We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶20 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶21 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The

regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no

later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

FOR THE BOARD:          _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.



| | **DFAS CHECKLIST**<br><br>**INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD** |
|---|---|

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63)
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.